IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Jay Rose, | Case No.: 1:25-cv-02568-JD |
| Petitioner, | |
| vs. | **ORDER AND OPINION** |
| Director of Orangeburg County Detention Center, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 5), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Petitioner Donald Jay Rose's ("Petitioner" or "Rose") habeas petition. (DE 1.)[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner, proceeding *pro se*, is a pretrial detainee confined at the Orangeburg County Detention Center ("OCDC") in Orangeburg, South Carolina. On March 29, 2025, Petitioner filed the instant habeas petition, which was initially construed as arising under 28 U.S.C. § 2254 but subsequently recharacterized as a petition under

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

28 U.S.C. § 2241, in accordance with the relief sought and Petitioner's status as a pretrial detainee. (DE 5.)

The petition, though difficult to interpret, appears to contest Petitioner's ongoing detention on pending state charges of third-degree assault and "throwing of body fluids by a prisoner." (DE 1.) The record reflects that Petitioner was detained on December 21, 2023, in Greenwood, South Carolina, pursuant to a bench warrant and transferred to OCDC on January 29, 2025. (DE 5 at 2–3.) On or about February 24, 2025, the state court ordered a competency evaluation. (*Id.*)

### B. Report and Recommendation

On April 3, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the petition be summarily dismissed without requiring a response from Respondent. (DE 5.) The Magistrate Judge concluded that the petition failed to allege facts sufficient to state a cognizable claim under § 2241, and further found that even if the petition were amended to include such facts, the Court should abstain under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), in deference to the ongoing state criminal proceedings.

Petitioner timely filed objections to the Report on April 16 and April 22, 2025. (DE 9; DE 11.) His filings (accepted as objections), largely handwritten and difficult to decipher, continue the themes of delusional or conspiratorial allegations, including accusations of fraud by legal actors and vague references to personal sovereignty and resurrection. (*See* DE 9-1; DE 11-1 to 11-2.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D. Petitioner's Objections**

Petitioner's objections do not identify any legal or factual error in the Magistrate Judge's analysis. Instead, the objections reiterate vague, conclusory, and incoherent claims that were properly addressed in the Report. While *pro se* filings must be liberally construed, the Court is not obligated to fabricate claims where none have been coherently alleged. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Moreover, the Court agrees with the Report's analysis under *Younger*. All three elements supporting abstention are present here: (1) ongoing state criminal

proceedings; (2) the proceedings implicate significant state interests; and (3) Petitioner has an adequate opportunity to raise constitutional challenges in the state forum. *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Petitioner's filings do not demonstrate the sort of "extraordinary circumstances" that would warrant federal court intervention. *See Robinson v. Thomas*, 855 F.3d 286, 292 (4th Cir. 2017).

Accordingly, the Court finds no merit in Petitioner's objections and concludes that the Report and Recommendation is well reasoned and correct.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 5) in its entirety and incorporates it herein by reference.

Accordingly, it is ORDERED that the Petition for Writ of Habeas Corpus (DE 1) is DISMISSED without prejudice and without requiring Respondent to file a return. The Clerk is directed to enter judgment accordingly. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 23, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.